UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMMY JOE STUTTS II,

        Plaintiff,        Case No. 2:12-cv-460

v.        Honorable Gordon J. Quist

UNKNOWN CANLAS, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Michigan Department of Corrections (MDOC). The Court will serve the complaint against Defendants Unknown Canlas and Unknown Johnston.

**Discussion**

I.    Factual allegations

Plaintiff Timmy Joe Stutts, a state prisoner currently confined at the Saginaw Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants

Dr. Unknown Canlas, Nurse Unknown Johnston, and the Michigan Department of Corrections. In his complaint, Plaintiff alleges that on August 4, 2011, while he was confined at the Baraga Correctional Facility (AMF), he was injured while attempting to climb onto his top bunk. Plaintiff claims that at AMF there are no ladders for accessing the top bunk, instead prisoners are forced to climb onto the top bunks by using plastic chairs. Plaintiff states that while he was standing on the chair, it gave out and he fell, smashing the front of his leg on the steel part of the bottom bunk.

On August 6, 2011, Officer Mcintyre contacted Defendant Johnston on Plaintiff's behalf. Defendant Johnston looked at Plaintiff's leg and stated that there were no signs of infection, but that if Plaintiff's leg worsened, he should contact someone immediately. On August 9, 2011, Plaintiff's leg had become unbearable. Plaintiff heard Defendant Canlas doing routine call-outs over the loud speaker in Plaintiff's unit, so Plaintiff went to the medical room and knocked on the door. Defendant Canlas opened the door and Plaintiff showed Defendant Canlas his leg and told him that he was unable to keep down any food or liquid because he felt so sick. Plaintiff stated that if he had a car, he would drive himself to the hospital. Defendant Canlas told Plaintiff that he was busy and that Plaintiff should kite in order to set up an appointment. Plaintiff responded that he had already done so, but could not wait the two to four days for an appointment because he had a medical emergency. Defendant Canlas then told Plaintiff to leave.

On August 11, 2011, Plaintiff told Corrections Officer Mcintyre that he had been vomiting uncontrollably and that he could not tolerate the pain in his leg. Office Mcintyre then contacted Nurse Henshaw, who examined Plaintiff's leg. Nurse Henshaw asked Plaintiff why he had not showed anyone his leg, Plaintiff told her that he had shown Defendant Canlas. Nurse Henshaw looked confused and said, "You showed Dr. Canlas your leg like this?" Plaintiff said that he had. Nurse Henshaw stated that Plaintiff needed to go to the hospital immediately and called for

a transport. Nurse Henshaw then contacted Defendant Canlas and asked if he had seen Plaintiff's leg. In addition, Nurse Henshaw questioned why nothing had been done for Plaintiff. Defendant Canlas responded that Plaintiff had not had a call-out. Nurse Henshaw stated that Plaintiff's condition was a medical emergency and that he needed to be sent to the hospital. Defendant Canlas disagreed, stating that Plaintiff could receive I.V. [intravenous] antibiotics at the prison. Nurse Henshaw told Defendant Canlas that he already had his chance, and took Plaintiff to the chow hall to wait for transport to the hospital. While they waited, Nurse Henshaw told Plaintiff that he was sick because his leg had become septic and that he should have already been sent to the hospital. Nurse Henshaw told Plaintiff that she was extremely upset with Defendant Canlas' decision.

Plaintiff was taken to Baraga Memorial Hospital and was immediately given intravenous antibiotics. One of the nurses photographed Plaintiff's leg. The next morning, Plaintiff was transported to Marquette General Hospital, where he underwent surgery on his leg. Plaintiff was then kept in the prison infirmary at the Marquette Branch Prison (MBP) for three months, at which time Plaintiff was taken back to Marquette General Hospital so that a skin graft could be performed on his leg. Plaintiff claims that he has permanent scarring and suffers from pain as a result of the delay in treatment caused by Defendants Johnston and Canlas. In addition, Plaintiff claims that the Michigan Department of Corrections (MDOC) is responsible for the lack of ladders at AMF, which caused his fall and subsequent injury.

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. Plaintiff seeks damages in the amount of $300,000.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

-3-

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979),

and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Michigan Department of Corrections (MDOC) will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Johnston and Canlas.

An Order consistent with this Opinion will be entered.


Dated: March 8, 2013                     /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE